**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CLINT PHILLIPS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00046-SPM |
| | ) | |
| UNKNOWN BUILDING INSPECTOR, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff Clint Phillips, III's complaint. For the following reasons, plaintiff will be ordered to pay the $402 filing fee within twenty-one (21) days of the date of this order or this action will be dismissed pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

### The Prison Litigation Reform Act, 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of these reforms is what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time he filed his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th

Cir. 2006). For purposes of this section, a dismissal for failure to state a claim counts as a strike whether the dismissal was with prejudice or without. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020).

A review of this Court's files shows that plaintiff has previously brought at least three civil actions that were dismissed on grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Phillips v. St. Louis City Police Officers*, No. 4:17-cv-1637-HEA (E.D. Mo. Jan. 10, 2018); *Phillips v. Romeo*, No. 4:17-cv-1636-NAB (E.D. Mo. Aug. 4, 2017); *Phillips v. City of St. Louis*, No. 4:11-cv-791-CEJ (E.D. Mo. May 19, 2011). Therefore, the Court cannot permit plaintiff to proceed in forma pauperis unless he "is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Plaintiff's complaint alleges that a building inspector from the City of Bellefontaine Neighbors unlawfully entered his house, condemned it, and sent mail to plaintiff regarding its possible demolition. This case concerns plaintiff's property rights. He has not alleged that he is in imminent danger of any serious physical energy. He has failed to demonstrate that the exception to the three-strikes provision in § 1915(g) applies. Therefore, the Court will order plaintiff to pay the $402 filing fee within twenty-one (21) days of the date of this order or this action will be dismissed without prejudice under 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall have twenty-one (21) days from the date of this order to pay the $402 filing fee.

**IT IS FURTHER ORDERED** if plaintiff does not pay the $402 filing fee within twenty-one (21) days of the date of this Order, the Court will dismiss this action without prejudice pursuant under 28 U.S.C. § 1915(g).

Dated this 10th day of January, 2024.

_____

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**